UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

HAROLD KLUMP, USM11903-055,

                Petitioner,

                                            **DECISION AND ORDER**
     v.                                          09-CV-650A
                                                    03-CR-55A

UNITED STATES OF AMERICA,

                Respondent.

**I.    INTRODUCTION**

Pending before the Court is a motion by petitioner Harold Klump to vacate his sentence pursuant to 28 U.S.C. § 2255. Petitioner has raised one unconditional argument and one conditional argument in support of his motion. The unconditional argument is that this Court erred at sentencing by imposing a 120-month mandatory minimum term for Count Three of the indictment, and by ruling that the term would run consecutively to the rest of petitioner's sentence. Petitioner rests his unconditional argument solely on *U.S. v. Williams*, 558 F.3d 166 (2d Cir. 2009). The conditional argument is that, in the event that respondent argued that petitioner should have raised his *Williams* argument on direct appeal, petitioner would argue ineffective assistance of appellate counsel

for failure to do so.[1] Respondent opposes petitioner's motion on the grounds that *Abbott v. U.S.*, 131 S. Ct. 18 (Nov. 15, 2010), explicitly abrogated *Williams* and thus eliminated any basis for petitioner's motion.

The Court has deemed petitioner's motion submitted on papers pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons below, the Court denies the motion.

## II. BACKGROUND

Petitioner's underlying criminal case concerned allegations that petitioner manufactured and possessed at least 1,000 marijuana plants and possessed a firearm in furtherance of that activity. On February 26, 2003, respondent filed an indictment with three counts against petitioner. In Count One, respondent charged petitioner with knowingly, intentionally, and unlawfully manufacturing 1,000 or more marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). In Count Two, respondent charged petitioner with possession with intent to distribute 1,000 or more marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). In Count Three, respondent charged petitioner with possession of an SWD M-11 semiautomatic rifle in furtherance of illegal drug activity, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(B)(i).

---

[1] Since respondent, in fact, never made any argument about the scope of direct appeal, the Court will not consider petitioner's conditional argument.

Petitioner's case went to trial in August 2004. The jury convicted petitioner on all three counts and found that petitioner's activity related to the first two counts involved 1,000 or more marijuana plants. On December 16, 2005, the Court sentenced petitioner to the mandatory minimum term of imprisonment of 240 months on Counts One and Two, to run concurrently, plus the mandatory minimum term of imprisonment of 120 months on Count Three, to run consecutively to the rest of the sentence. Petitioner's total term of imprisonment thus was 360 months.

Petitioner filed a notice of appeal on January 19, 2006. On direct appeal, petitioner raised arguments from a motion to suppress that he had filed and that was denied. Petitioner also raised in arguments pertaining to a sunset provision contained in an older version of 18 U.S.C. § 924(c)(1)(B)(i). In a decision dated August 4, 2008, the United States Court of Appeals for the Second Circuit rejected petitioner's arguments and affirmed the conviction and sentence. *See generally U.S. v. Klump*, 536 F.3d 113 (2d Cir. 2008).

Because *Williams* issued after the Second Circuit resolved petitioner's appeal, petitioner raised his *Williams* argument for the first time in the pending motion. In short, when petitioner filed his motion on July 17, 2009, he asked this Court to shorten his sentence by applying the principle from *Williams* that the mandatory minimum term of imprisonment from 18 U.S.C. § 924(c)(1) could not apply to any defendant subjected at the same time to any other mandatory

3

minimum sentence. Recognizing that *Williams* deviated from the holdings of other circuit courts and that the United States Supreme Court would resolve the issue before long, respondent asked this Court to stay proceedings in this case pending the outcome of *Abbott*. The Court did so, and *Abbott* subsequently issued on November 15, 2010. After *Abbott* issued, respondent summarized its opposition to the pending motion by noting that *Abbott* abrogated *Williams*. Although this Court gave petitioner an opportunity to respond to *Abbott* (*see* Dkt. No. 135), petitioner filed no papers after *Abbott* issued.

## III.    DISCUSSION

To prevail on his motion, petitioner must demonstrate that the "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. "But unless the claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained far more limited . . . . [A]n error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *U.S. v. Addonizio*, 442 U.S. 178, 185 (1979) (internal quotation marks and citations omitted).

Whether petitioner can meet the standard for Section 2255 here became a much simpler issue after the Supreme Court issued *Abbott*. Petitioner's entire

4

basis for this motion rested on the Second Circuit's holding in *Williams* that, in effect, a criminal defendant facing sentencing under 18 U.S.C. § 924(c)(1) will not receive a mandatory minimum term of imprisonment under that provision if facing a mandatory minimum term of imprisonment at the same time under any other criminal charges. The Supreme Court nullified that reasoning, however, holding "that a defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction. Under the 'except' clause as we comprehend it, a § 924(c) offender is not subject to stacked sentences for violating § 924(c). If he possessed, brandished, and discharged a gun, the mandatory penalty would be 10 years, not 22. He is, however, subject to the highest mandatory minimum specified for his conduct in § 924(c), unless another provision of law directed to conduct proscribed by § 924(c) imposes an even greater mandatory minimum." *Abbott*, 131 S. Ct. at 23; *see also id.* at 30 ("That portion of the clause instructs judges to pick the single highest sentence stipulated for a § 924(c) violation within § 924(c) itself, and not to stack ten years for discharging a gun on top of seven for brandishing the same weapon, whenever a defendant does both."). In the absence of any other arguments from petitioner, let alone arguments that he did not raise previously on direct appeal, his motion fails.

## IV. CONCLUSION

For all of the foregoing reasons, the Court denies petitioner's motion (Criminal Dkt. No. 126). The Clerk of the Court is directed to close the civil case (09-CV-650) associated with petitioner's motion.

In addition, because the issues that petitioner raised here are not the kinds of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the Court concludes that petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and accordingly denies a certificate of appealability.

The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and thus denies leave to appeal as a poor person. *Coppedge v. U.S.*, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk of the Court within thirty (30) days of the entry of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: February 7, 2011