UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

UNITED STATES OF AMERICA,

v.

HAROLD KLUMP,

              Defendant.

**DECISION AND ORDER**
03-CR-55-A

───────────────────────────────

Before the Court is a *pro se* application by Defendant Harold Klump to reduce his thirty-year sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. 175. The Government opposes defendant's motion. Dkt. 177. Defendant is fifty-six years old and has already served over twenty-two years of his sentence. His projected release date is June 10, 2028. *See*, https://www.bop.gov/inmateloc/ (last visited February 11, 2025). For the following reasons, defendant's motion (Dkt. 175) is **GRANTED**.

## BACKGROUND

In February 2003, Klump was charged in a three-count indictment with violating (1) 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (manufacture of 1,000 or more marijuana plants), (2) 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (possession of 1,000 or more marijuana plants, with intent to distribute), and (3) 18 U.S.C. §§ 924(c)(1)(A) and (c)(1)(B)(i) (possession of a semi-automatic assault weapon in furtherance of a drug trafficking crime). Dkt. 23, 87. Prior to trial, the Government filed an information, pursuant to 21 U.S.C. § 851, alleging that in the event Klump was convicted under Counts 1 or 2 of the Indictment, the Government would seek to rely upon the Klump's

prior felony conviction for Attempted Criminal Possession of a Controlled Substance in the Fourth Degree on or about November 8, 1993, in County Court, Erie County, New York, as the basis for imposition of the increased punishment provided for in 21 U.S.C. § 841(b)(1)(A).  Dkt. 70. As a result of the filing of such § 851 information, the mandatory minimum term of imprisonment Klump faced in the event of conviction under Count 1 or Count 2 was increased for each from ten-years' (*i.e.*, 120 months) to twenty-years' (*i.e.*, 240 months) imprisonment. Count 3 carried with it a mandatory ten-year consecutive sentence. Dkt. 107.

After a jury returned guilty verdicts as to all three counts in August 2004, *see*, Dkt.  86, Defendant was sentenced on December 16, 2005, to a term of imprisonment of 30 years (360 months), the mandatory minimum term that Klump faced because of his convictions.  Dkt. 108; see, Dkt. 167 (sealed).

## DISCUSSION

"The First Step Act's 'compassionate release' provision, 18 U.S.C. § 3582(c)(1)(A), provides an exception to the general rule that a court may not modify a term of imprisonment after it has been imposed." *United States v. Luke*, No. 14-CR-06089-FPG, 2024 WL 1693275, at *1 (W.D.N.Y. Apr. 19, 2024).  Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment "only if three conditions are in place." *United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021) (per curiam).  First, the defendant must have "fully exhausted all administrative" remedies

2

before moving for compassionate release. 18 U.S.C. § 3582(c)(1)(A).[1] Next, the defendant must demonstrate that "extraordinary and compelling reasons warrant" a sentence reduction. *Id*. § 3582(c)(1)(A)(i). Lastly, the district court must consider "the factors set forth in" 18 U.S.C. § 3553(a) "to the extent that they are applicable." *Id*. § 3582(c)(1)(A).

For the reasons stated below, the Court finds that extraordinary and compelling reasons, as well as application of the § 3553(a) factors, justify Klump's release.

**I. Extraordinary and Compelling Reasons**

A defendant "must demonstrate that his proffered circumstances are indeed 'extraordinary and compelling' such that, ... a sentence reduction ... would not simply constitute second-guessing of the sentence previously imposed." *Keitt*, 21 F.4th at 71; *see also* 18 U.S.C. § 3582(c)(1)(A)(i).  While the Government forcefully argues that Defendant's circumstances are neither extraordinary nor compelling, *see*, Dkt. 179, pp. 6-11, this Court, in the exercise of its discretion and for the reasons set forth below, respectfully disagrees.

The Sentencing Commission has identified a defendant's "unusually long sentence" as one such "extraordinary and compelling" condition. U.S.S.G. § 1B1.13(b)(6).  Under § 1B1.13(b)(6), a district court may grant relief if (a) a defendant who "received an unusually long sentence" "has served at least 10 years;" (b) "a

---

[1] Here, the Government concedes that Defendant has exhausted his administrative remedies, Dkt. 179, p. 6, as his request for compassionate release has been denied by the warden of the Bureau of Prisons (BOP) facility at which he is held.  Dkt. 175, p.8.

3

change in the law" has "produce[d] a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed;" and (c) the court has fully considered "the defendant's individualized circumstances." *Id*.

First, this Court concludes that Klump's thirty-year sentence for his marijuana and gun possession convictions constitutes an "unusually long sentence" under U.S.S.G. § 1B1.13(b)(6).  *See*, *United States v. Chavez*, No. 02 CR. 1301 (VM), 2024 WL 4850808, at *4 (S.D.N.Y. Nov. 21, 2024)(25-year sentence for 21 U.S.C. § 841(b)(1)(A) conviction is "unusually long" under § 1B1.13(b)(6)); *see also*, *United States v. Donato*, No. 95-CR-223 (JMA)(AYS), 2024 WL 1513646, at *7 (E.D.N.Y. Apr. 8, 2024)("[b]y way of comparison, the average federal sentence for murder within the Second Circuit in 2022 was about 19 years.").  Klump, having already served over twenty-two years of his current thirty-year sentence, thus satisfies the threshold requirement of having served at least ten years of an unusually long sentence.

Next, the Government concedes that an intervening change in the law would result in Klump facing a combined mandatory minimum sentence of imprisonment of 180 months (*i.e.*, 15 years) were he to be convicted of the same offenses today. Dkt. 197, pp. 8-9.[2]  Specifically, the First Step Act, enacted in 2018, amended the

---

[2] As explained in the Government's response to Klump's motion, "the defendant's prior felony drug offense would no longer qualify as a serious drug felony conviction for purposes of the Section 851 enhancement. Therefore, if convicted today, the defendant would face only 10 years on Counts 1 and 2. In addition, the consecutive 10-year mandatory minimum applicable to Count 3 no longer applies. On September 13, 2004, the assault weapons ban expired due to a sunset provision, and Department of Justice guidance provided that the mandatory minimum reverted to 5 years instead of 10. Thus, if sentenced under today's laws and policies, the defendant's mandatory minimum would be 15 years, not 30." Dkt. 179, pp. 8-9.

4

availability of an enhanced sentences for the charges of which Klump was convicted. Following the Act's enactment, a defendant is eligible for an enhanced drug trafficking sentence if he has at least one prior conviction for a "serious drug felony." 21 U.S.C. § 841(b)(1)(B)(i). A "serious drug felony" does not encompass mere possession offenses, such as Klump's 1993 felony attempted possession conviction. *Compare* 21 U.S.C. § 802(57), *with* § 802(44). As a result, such conviction would no longer trigger an enhanced mandatory-minimum sentence under Counts 1 and 2. Thus, instead of being subject to an enhanced mandatory minimum sentence of 240 months under both Counts 1 and 2 as he was when he was sentenced, Defendant today would face an unenhanced mandatory minimum sentence of 120 months imprisonment under each such count.

Further for purposes of this motion, this Court also accepts the Government's concession that the 1994 amendment to § 924(c)(1)(B)(i) increasing the penalty for possessing a semi-automatic weapon was effectively repealed in 2004 by a sunset provision. Dkt. 179, pp. 8-9; *see* Office of Legal Counsel, Department of Justice, *Whether the Ten-Year Minimum Sentence in 18 U.S.C. § 924(c)(1)(B)(i) Applies to Semiautomatic Assault Weapons,* dated November 24, 2009 (available at: http://www.justice.gov/olc/opiniondocs/semiautomatic-weapons.pdf [last visited February 12, 2025]). As a result, if convicted of Count 3 today, Defendant would face a mandatory consecutive term of 5 years' imprisonment, rather than the 10 years he faced at the time of his original sentencing.

5

As a result, if Klump were today to be convicted of the same three charges that he was convicted of over two decades ago, then he would at sentencing face a mandatory minimum term of imprisonment of 180 months—exactly one-half of the 300-month mandatory minimum sentence he previously faced and that this Court previously imposed. On those facts, this Court concludes that there is a "gross disparity" between defendant's current sentence and the sentence he would receive if he were convicted today. *See, e.g.*, *United States v. Monk*, 10 Cr. 197, 2024 WL 3936351, at *5 (S.D.N.Y. Aug. 26, 2024) (finding a difference between a 20-year mandatory minimum and a 15-year mandatory minimum to be a gross disparity); *United States v. Robinson*, 729 F.Supp.3d 242, 246–47 (S.D.N.Y. 2024) (same); *United States v. Vasquez*, 735 F.Supp.3d 124, 132 (E.D.N.Y. 2024) (finding a gross disparity between a 25-year and 10-year sentence); *United States v. Byam*, No. 12-CR-586-01 (OEM), 2024 WL 1556741, at *6 (E.D.N.Y. Apr. 10, 2024) (finding "gross disparity" in case in which "mandatory minimum sentence would only be 14 years today as opposed to the 32 years he received."); *United States v. Ballard*, 552 F. Supp. 3d 461, 468-69 (S.D.N.Y. 2021) (finding disparity between original sentence of 50 years and likely sentence of 25 years at time motion brought).

Finally, there are further considerations which support Klump's application for compassionate release. First, although "[r]ehabilitation ... alone shall not be considered an extraordinary and compelling reason," *United States v. Brooker*, 976 F.3d 228, 238 (2d Cir. 2020) (alterations in original), rehabilitation "may be considered in combination with other circumstances in determining whether and to what extent a

6

reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.13(d). Defendant maintains—and the Government does not controvert—that he has spent 30 hours each week for the last two years receiving training to develop his skills in "electrical, plumbing, masonry, landscaping, snow removal, and H.V.A.C." to prepare for the job market upon his release from custody. Dkt. 175, p. 2.  Further, the record indicates that upon his release he has several job offers with medical benefits and good pay. *Id*.

Additionally, Klump indicates that he has "matured and evolved" and that "he is no longer the immature and irresponsible young man who committed his offense." Dkt. 175, p.2.  That contention is bolstered by the Sentencing Commission's own study on "The Effects of Aging on Recidivism Among Federal Offenders." *See* U.S. Sentencing Comm'n, Effects of Aging on Recidivism Among Federal Offenders, Dec. 2017 (available here: https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20171207_Recidivism-Age.pdf [last visited February 12, 2025]).  The Commission's study supports Klump's contention that as someone who is nearly fifty-seven years old, he has a recidivism rate which is significantly less that a younger defendant. *Id.,* at 24.  Klump's projected release date is June 10, 2028.  That this Court would be shortening his sentence by only about three years, when he is already at an age at which he is less likely to be re-arrested, supports a finding of compassionate release.

**II. § 3553(a) Factors**

Finally, this Court must consider the factors set forth in 18 U.S.C. § 3553(a), which include "the nature and circumstances of the offense," the need for the sentence imposed "to provide just punishment for the offense," the need "to protect the public from further crimes of the defendant," and the "need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. §§ 3553(a)(1), (a)(2)(A), (a)(2)(C), (a)(6).

There is no question, as the Government correctly notes in opposing Defendant's request, *see* Dkt. 175, pp. 11-14, that the defendant, who was no stranger to the criminal justice system, committed a serious offense.  While the Court's original sentencing at the statutory mandatory minimum term of 30-years was appropriate, the Court finds that defendant's service of over twenty-two years in prison "provide[s] just punishment" for his offenses, otherwise satisfies the goals of § 3553, and is consistent with applicable policy statements issued by the Sentencing Commission. Furthermore, although this Court in 2020 denied a prior compassionate release motion filed by Klump during the height of the COVID-19 pandemic and, in so doing, noted that the "§ 3553(a) factors do not weigh in favor of release," *see* Dkt. 157,  the additional years Klump has spent incarcerated since that motion was decided, in addition to changed circumstances discussed above, materially distinguish this compassionate release motion from his prior motion. Dkt. 151, 156.

The Court is likewise satisfied that defendant, who will be 57 years of age next month, is unlikely to pose a danger to any persons or to the community and that any

8

risk in that regard can be further mitigated through his supervision while on supervised release. Additionally, as discussed above, Klump is less likely to pose a danger, given that defendants in their fifties have lower recidivism rates than younger defendants. *See* U.S. Sentencing Comm'n, Effects of Aging on Recidivism Among Federal Offenders, Dec. 2017, at 24.

Finally, reducing Klump's sentence would not create an unwarranted disparity between his sentence and those of his co-defendants. Of the four other individuals charged in the original criminal complaint with Klump, two were convicted of violation of 21 U.S.C. § 841(a)(1), while the charges against the other two were dismissed. Of the two codefendants convicted of violation of 21 U.S.C. § 841(a)(1), one was sentenced to a term of imprisonment of 15 months, while the other was sentenced to 7 months. Both have long since been released.

## CONCLUSION

Having concluded that Klump is entitled to a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), his motion (Dkt. 175) is **GRANTED**. The Court reduces Klump's term of imprisonment to time served. All other provisions of Klump's sentence shall remain in place. This Decision and Order is **STAYED** for fifteen days to establish a release plan and make appropriate travel arrangements. If more time is needed to make those arrangements, the parties shall notify the Court. Further, the Clerk of

Court is directed to terminate the Defendant's remaining pending motions. Dkt. 138, 165, and 166.

**SO ORDERED**.

*s/Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED:  February 28, 2025